UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Kelly Thomas**, <br><br> Plaintiff, <br><br> v. <br><br> **Spinnaker Resorts, Inc. and Travel Smart, LLC,** <br><br> Defendant. | Case No. <br><br><br> Complaint and Demand for Jury Trial |

## COMPLAINT

**Kelly Thomas** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Spinnaker Resorts, Inc. and Travel Smart, LLC** (Defendants):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and §302.101 of the Texas Business and Commercial Code.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendants conduct business in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. Plaintiff is a natural person residing in Katy, Texas.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant Spinnaker Resorts, Inc. ("Spinnaker") is a business entity with principal place of business at 35 Deallyon Road, Hilton Head, South Carolina, 29928, and can be served through its registered agent Brian Jones, Esq., 300 South Orange Avenue, Ste. 1000, Orlando, Florida, 32801.

8. Defendant Travel Smart, LLC ("TS") is a business entity with principal place of business and mailing address at 7800 Southland Blvd., Orlando, Florida, 32809.

9. Defendants are "persons" as that term is defined by 47 U.S.C. § 153(39).

10. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

11. Spinnaker is a timeshare developer that markets vacation and resort packages to the public in exchange for a fee.

12. Spinnaker has contracted with third party telemarketing companies to advertise and sell its hospitality and timeshare services.

13. Upon information and belief, TS is a third party vendor and agent of Spinnaker that advertises and sells Spinnaker's vacation and resort packages.

14. To generate business through sales, Spinnaker relies on telemarketing services conducted by third parties such as TS.

15. One of TS's strategies for telemarking involves the use of an automatic telephone dialing system ("ATDS") to solicit business for Defendant Spinnaker.

16. TS placed repeated harassing telephone calls to Ms. Thomas on her cellular phone, XXX-XXX-4244, attempting to sell Plaintiff a vacation package with Spinnaker.

17. Plaintiff never sought information about a vacation package with Spinnaker and did not consent to the calls from TS.

18. These calls were not made for "emergency purposes," but rather for telemarketing purposes.

19. Plaintiff's cellular telephone number, XXX-XXX-4244 has been on the Do Not Call Registry since 2004.

20. When answering TS's calls, Ms. Thomas heard a noticeable "boop" sound after she would say "hello" two times, indicating to Ms. Thomas that the call was made using an ATDS.

21. When Ms. Thomas spoke with a live individual, she was solicited for a Spinnaker vacation package.

22. Ms. Thomas told the agents calling her to stop calling on numerous occasions.

23. On or about September 12, 2019, in order to ascertain who was responsible for the repeated calls, Ms. Thomas purchased a vacation package.

24. On this same date Defendant Spinnaker sent Ms. Thomas a letter confirming the vacation package that Ms. Thomas purchased from its agent, TS. See Exhibit "A."

25. The actions described herein were in violation of the TCPA and Texas Business and Commercial Code.

## COUNT I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)

26. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendants initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23. Defendants' calls were not made for "emergency purposes."

24. Defendants' calls to Plaintiff's cellular telephone without any prior express consent.

25. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since December 15, 2004.

26. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since December 15, 2004.

32. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
## DEFENDANT VIOLATED § 302.101 OF
## THE TEXAS BUSINESS AND COMMERICAL CODE

35. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

36. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

5

37.   Defendants violated § 302.101 of the Texas Business & Commercial Code when representatives of TS engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

38.   §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Kelly Thomas,** respectfully prays for judgment as follows:

   a.   All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

   b.   Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

   c.   Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   d.   Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

   e.   Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   f.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(d) of the Texas Business & Commerce Code;

    g.    $5,000.00 per violation of §302.302(a) of the Texas Business & Commerce Code;

    h.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

    i.    Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Kelly Thomas,** demands a jury trial in this case.

Respectfully submitted,

Dated: 11/20/2020

/s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg
Attorney-in-Charge for Plaintiff
Texas Bar No. 24107506
Federal Bar No. 1477508
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: teamkimmel@creditlaw.com